**SHEET METAL CONTRACTORS ASSO-
CIATION OF SAN FRANCISCO, a
California corporation, et al., Plaintiffs,**

v.

**SHEET METAL WORKERS INTERNA-
TIONAL ASSOCIATION et al.,
Defendants.**

Civ. No. 35206.

United States District Court
N. D. California, S. D.

Aug. 20, 1956.

Roth & Bahrs, San Francisco, Cal., for plaintiffs.

Gilbert, Nissen & Irvin, Los Angeles, Cal., for defendants.

EDWARD P. MURPHY, District Judge.

These are cross motions for summary judgment in an action brought under 29 U.S.C.A. § 186(e) by a number of employers against two labor unions, a parent organization of those two labor unions, a labor official, and a joint industry board.

The action arises out of an agreement between an employers' group known as Associated Heating and Sheet Metal Contractors, Inc., and Local No. 75 of the Sheet Metal Workers' International Association, providing for the establishment of a "Joint Industry Board", and for the contribution by the employers covered by the agreement of a sum of 2½¢ for each hour worked by the members of the Union for any of the employers, to defray the expenses of the Joint Industry Board. The Board consists of six members for the employers and six members for the union. Decisions of the Board are made by a concurrence

of a majority of the employer members with a majority of the union members. A fair reading of the Trust Agreement of Joint Industry Board, which governs the relationship of the parties thereto, leads to the conclusion that the power to expend the funds contributed by the employers, resides in the Board, and is thus dependent upon the approval of the employer members.

The purposes for which the Board is established are not entirely clear. The Trust Agreement must be read in the context of the collective bargaining agreement concluded between the same parties, and which, by cross-references in the two documents, is made the prevailing agreement in case of conflict. Thus read, the functions of the Board would seem to be the establishment and administration of a joint arbitration committee to settle all grievances arising between the parties, or any of them, or any of the members of either of them, whether or not related to the collective bargaining contract; the establishment, supervision and administration of a joint apprenticeship program, including a training program and a program for attracting desirable persons to the industry; "to assist and aid" the industry in maintaining high standards of skill, and to render assistance to employers, unions, and individuals in the industry for the purpose of effectuating high standards in the industry; to carry on publicity and lobbying for the benefit of the industry; and "to supervise, administer and carry out" (sic) all funds provided for by the bargaining agreement between the parties, except the Health and Welfare Fund. That fund is separately administered, and seems to be the only fund of substance in the bargaining agreement, other than the fund for the Joint Industry Board, which is the subject of this action.

The claim of plaintiffs is that the payment, pursuant to the "Trust Agreement of Joint Industry Board", of 2½¢ per man-hour to the Joint Industry Board fund violates the prohibition against payments by employers to representatives of their employees contained in 29 U.S.C.A. § 186, commonly known as Section 302 of the Labor Management Relations Act of 1947. The prohibition in question is contained in two provisions which read as follows:

"(a) It shall be unlawful for any employer to pay or deliver, or to agree to pay or deliver, any money or other thing of value to any representative of any of his employees who are employed in an industry affecting commerce.

"(b) It shall be unlawful for any representative of any employees who are employed in an industry affecting commerce to receive or accept, or to agree to receive or accept, from the employer of such employees any money or other thing of value." 29 U.S.C.A. § 186(a) and (b).

A preliminary contention by defendants may be simply disposed of. It is that the statute in question cannot apply to this agreement, because the signatory on the employer side is not any *individual* employer of union members, but the *association* of employers which does not itself hire any employees. The purpose of Congress to prevent misuse of funds, and the possibility of the concealment of bribes and extortions in the form of payments by employers to labor representatives, may not be so easily evaded as defendants suggest. The funds in question obviously come from the employers. The fact that the employer association signed the agreement on behalf of the employers, rather than the individual employers, does not change the realities of the situation. The agreement to pay is in fact and law made by the employers.

The question for decision, therefore, is whether this agreement for payments to the Joint Industry Board, which is composed of six employer and six union members, is an agreement to pay to "any representative of any of his employees" within the meaning of 29 U.S.C.A. § 186.

Substantially the same issue was before the court in United Marine Division

I. L. A., Local 333, A. F. of L., v. Essex Transportation Co., 3 Cir., 1954, 216 F. 2d 410, 411. The Court there held that an agreement for payment of funds to six trustees, chosen half by employers and half by the union, was not an agreement to pay funds " 'to any representative of any of his employees' ". The Court said:

> "These trustees were not, in our judgment, representatives of the employees. They were trustees of a welfare fund. It is true that they were chosen half and half by the employers' association and this union. But we think that when set up as a board, as they were in this case, these individuals are not acting as representatives of either union or employers. They are trustees of a fund and have fiduciary duties in connection therewith as do any other trustees. The terms under which they act were carefully spelled out." Id., 216 F.2d at page 412.

The distinction between the Essex case and the case at bar is the fact that in the Essex case the fund in question was a welfare fund, whereas in the instant case the fund does not include the welfare and pension funds and is subject to expenditure on purposes of a rather large and vague nature. Nevertheless, the rationale of the Essex case seems to be equally applicable here. The Joint Industry Board will hold the funds in question in trust for the purposes enumerated in the Trust Agreement. Those purposes, while in certain cases auxiliary to collective bargaining procedures, go beyond them and are not confined by the terms of the collective bargaining agreement except in case of conflict. It may be instructive to note what another court has said in answer to an argument similar to that of the employers here, that the Joint Industry Board funds may conceivably be used to defray general union expenses. In Upholsterers' International Union of North America v. Leathercraft Furn. Co., D.C.E.D.Pa.1949, 82 F.Supp. 570, the employers pointed to the possibilities of abuse inherent in a situation where the union representatives were in *sole* control of funds contributed by the employer for health and welfare purposes. The Court said:

> " * * * whenever the trustees use, or attempt to use, directly or indirectly, the fund for a purpose other than for the sole and exclusive benefit of the employee-members, this court, when called upon, will enjoin the trustees from making the improper expenditure. The burdening of the fund with undue administrative expenses or lush salaries for union officials will not be tolerated; * * *." Id., 82 F.Supp. at page 575.

The Joint Industry Board is not a part of the union, and its governing agreement expressly provides for the separate character of the Board from either of the parties, and expressly preserves their duties and relationships with respect to each other and each of them with respect to their members. The agreement provides for a careful accounting and separate deposit system for Joint Industry Board funds from those of the union. If the employer members refuse to sanction an expenditure, for any reason, there is a provision for arbitration in the agreement. Under these circumstances, this court cannot hold that the payments in question are payments "to any representative". The union members of the Joint Industry Board, in that capacity, are not "representatives" of the employees within the meaning of 29 U.S.C.A. § 186.

Plaintiffs' motion for summary judgment is denied, and defendants' motion for summary judgment is granted. Let appropriate orders be prepared.